**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hector Manuel CERVANTES–TORRES,
aka Hector Manuel Cervantes, aka
Manuel Hector Cervantes, aka Hector
Cervantes–Torres, Defendant–Appel-
lant.**

No. 14–50331.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 2015.*

Filed Nov. 06, 2015.

Jean–Claude Andre, Assistant U.S.,
Robert J. Keenan, Assistant U.S., Office of
the U.S. Attorney, Los Angeles, CA, for
Plaintiff–Appellee.

Katherine Kimball Windsor, Esquire,
Law Office of Katherine Kimball Windsor,
Pasadena, CA, for Defendant–Appellant.

Before: KOZINSKI, IKUTA, and
OWENS, Circuit Judges.

## MEMORANDUM **

Hector Manuel Cervantes–Torres ap-
peals his jury conviction for being a felon
in possession of a firearm in violation of 18
U.S.C. § 922(g)(1), being an illegal alien in
possession of a firearm in violation of 18
U.S.C. § 922(g)(5)(A), and being an illegal
alien found in the United States following
deportation in violation of 8 U.S.C. § 1326.
We have jurisdiction under 28 U.S.C.
§ 1291, and affirm.

1. Any error in admitting, without lim-
iting instructions, evidence of Cervantes–
Torres's prior felony conviction and hunt-
ing warning and Officer Wade's reasons
for stopping Cervantes–Torres, was nei-
ther plain nor affected substantial rights.
*United States v. Olano,* 507 U.S. 725, 733–
35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
Each had some probative value that was
not so clearly outweighed by the prejudi-
cial effect as to constitute plain error. *See
United States v. Hardy,* 289 F.3d 608, 612
(9th Cir.2002). The failure to give instruc-
tions regarding the limited purpose of pri-
or-act evidence where no limiting instruc-
tions were requested was not reversible
error. *See United States v. Multi–Mgmt.,
Inc.,* 743 F.2d 1359, 1364 (9th Cir.1984).
Furthermore, given the strength of the
government's case against Cervantes–Tor-
res, including his various admissions on
the witness stand, any error did not affect
substantial rights.

2. Cervantes–Torres's claim of ineffec-
tive assistance of trial counsel is not cogni-
zable on direct appeal. Ordinarily, ineffec-
tive assistance claims must be reviewed via
petition for habeas corpus, *Massaro v.
United States,* 538 U.S. 500, 504–05, 123
S.Ct. 1690, 155 L.Ed.2d 714 (2003), unless
"the record on appeal is sufficiently devel-
oped to permit determination of the issue"
or "the legal representation is so inade-
quate that it obviously denies a defendant
his Sixth Amendment right to counsel."
*United States v. McGowan,* 668 F.3d 601,
605 (9th Cir.2012). Neither exception ap-
plies here. Counsel may have had strate-
gic reasons for failing to collaterally attack

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

a deportation order based on new law issued after the entry of the deportation order, and may have had strategic reasons for the decision not to move for severance, such as to avoid the risk of consecutive sentences. *See id.* at 606 ("[C]ounsel has not yet had an opportunity to explain his actions."); *see also Massaro*, 538 U.S. at 505, 123 S.Ct. 1690 ("The trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them.").

3. Appellee's motion for judicial notice is denied.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.